IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVEN WESLEY LAM, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:21-cv-00422 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| ROCKINGHAM/HARRISONBURG | ) By:   Hon. Thomas T. Cullen |
| CIRCUIT COURT, *et al.*, | )        United States District Judge |
| | ) |
| Defendants. | ) |

Plaintiff Steven Wesley Lam, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against the Circuit Court of Rockingham County, District 39 and District 12 Probation and Parole, and the Rockingham County Commonwealth's Attorney's Office. Having reviewed the complaint, the court concludes that Lam has failed to state a cognizable claim against any of the named defendants. Therefore, the court will dismiss the complaint under 28 U.S.C. § 1915A(b)(1).

I.

This case arises from criminal proceedings commenced against Lam in state court. Lam first complains of actions taken by probation officers in District 12 and District 39. In particular, Lam alleges that a probation officer in District 12 submitted a probation violation report that incorrectly indicated that Lam had failed to make restitution payments. (Compl. ¶ E [ECF No. 1].) Similarly, Lam alleges that a probation officer in District 39 told a judge that he was unaware of Lam's whereabouts, even though Lam was still residing at the address provided to the probation officer. (*Id.*)

Lam also alleges that the Circuit Court of Rockingham County denied his request for release on bond after the Commonwealth's Attorney falsely reported that Lam was "'running' for 6 months." (Attach. to Compl. [ECF No. 1]). Additionally, the judge assigned to Lam's case allegedly advised him that the judge "has no guidelines" and "can sentence [Lam] to whatever [the judge] wants . . . ." (*Id.*) Lam further alleges that he has "a prosecuting attorney and probation officer on [his] case who have personal vendet[tas] against [him]." (*Id.*)

Lam is currently incarcerated at the Middle River Regional Jail, where he contracted COVID-19. (*Id.*) Lam claims that "[t]his has all caused [him] a lot of mental distress." (*Id.*) He seeks to recover damages for pain and suffering and requests that "judges and prosecutors stop lying on [him]." (*Id.*)

## II.

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws."

42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that Lam's complaint fails to state a plausible § 1983 claim against any of the named defendants.

First, "[i]t is well settled that a state court is not a 'person' subject to suit under § 1983." *Bradley v. Virginia*, No. 7:19-cv-00253, 2019 WL 1460921, at *2 (W.D. Va. Apr. 2, 2019). The same is true for the Office of the Commonwealth's Attorney of Rockingham County and the state probation offices. *See Newkirk v. Circuit Court*, No. 3:14-cv-00372, 2014 U.S. Dist. LEXIS 113032, at *5 (E.D. Va. Aug. 13, 2014) ("[N]either the Circuit Court of the City of Hampton nor the Office of the Commonwealth's Attorney are persons under § 1983, thus, they are not amenable to suit."); *Jefferson v. Dep't of Pub. Safety*, No. 3:17-cv-00098, 2018 WL 3868803, at *3 (W.D.N.C. Aug. 14, 2018) ("Plaintiff's claim against the DPS Probation and Parole Department is dismissed because that entity is not a 'person' who is amenable to suit under § 1983."). Accordingly, the named entities are not proper defendants in this action and any claims against them must be dismissed.

Second, the doctrine of judicial immunity bars any claim against the judge named in the body of the complaint. "The Supreme Court has held that judges are absolutely immune from suit for deprivation of civil rights brought under 42 U.S.C. § 1983," when such suit arises from judicial actions taken within their jurisdiction. *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted). For purposes of immunity, the scope of a judge's jurisdiction is construed broadly. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356–57 (internal quotation marks and citation omitted).

Here, Lam complains about statements allegedly made by a judge during the course of criminal proceedings in the Circuit Court of Rockingham County. There is no plausible suggestion that the judge acted outside his judicial capacity or in the clear absence of all jurisdiction. Accordingly, the judge is entitled to absolute immunity.

Finally, any claim for damages against the Commonwealth's Attorney or the probation officers is barred by the doctrine of prosecutorial immunity. Under this doctrine, "[a] prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). For instance, when a prosecutor takes steps to initiate judicial proceedings or appears in court to present evidence or argument, absolute immunity applies. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *see also Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) ("When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity.") (citing *Imbler*, 424 U.S. at 430–31). Courts have held that probation officers are entitled to the same immunity. *See Hart v. Hodges*, 587 F.3d 1288, 1296 (11th Cir. 2018) ("Prosecutorial immunity is not limited solely to prosecutors. Probation officers are entitled to absolute immunity for the preparation and submission of a presentence report in a criminal case because the 'report is an integral part of the sentencing process, and in preparing the report the probation officer acts at the direction of the court.'") (quoting *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir. 1984)). The focus of the immunity analysis is "on the conduct for

which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993).

In this case, Lam's allegations against the Commonwealth's Attorney relate solely to actions taken in his role as an advocate for the Commonwealth during Lam's criminal proceedings. Similarly, his allegations against the probation officers relate solely to statements made during those proceedings, either in open court or in written reports. Accordingly, the Commonwealth's Attorney and the probation officers are entitled to prosecutorial immunity.*

**IV.**

For the reasons stated, the court will dismiss Lam's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Lam.

**ENTERED** this 26th day of August, 2021.

>  /s/ Thomas T. Cullen
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE

---

* While prosecutorial immunity protects defendants from "damages liability only," *Savage*, 896 F.3d at 274, Lam's complaint does not meet the standard for injunctive relief under § 1983. *See Raub v. Campbell*, 785 F.3d 876, 885–86 (4th Cir. 2015).